NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOIE CLYBURN,<br><br>        Appellant,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of<br>Social Security,<br><br>        Appellee. | No. 26-87<br><br>D.C. No.<br>3:25-cv-00048-KFR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Kyle F. Reardon, Magistrate Judge, Presiding

Submitted August 10, 2026**
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges

Joie Clyburn ("Plaintiff") appeals the district court's order, which affirmed

the Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We review de novo a district court's judgment upholding the denial of social security benefits and will set aside the decision of an administrative law judge ("ALJ") to deny benefits only if it "contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (internal quotation marks and citation omitted). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The ALJ determined that Plaintiff met her burden of demonstrating that she could not perform her past work, but, relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy and was therefore not disabled. *See White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022). Plaintiff challenges this determination and argues (1) that there was an inherent conflict between the ALJ's determination that Plaintiff was limited "to one hour each of standing and walking" and "the requirements of occupations at the light exertional level,"[1] and (2) that the VE's explanation did not resolve this conflict but was instead simply a "foundation for [his] testimony."

The VE's testimony does conflict with the standing and walking requirements of the "full range of light work." *See* SSR 83-10, 1983 WL 31251, at

---

[1] The three jobs that the VE testified that Plaintiff could perform are categorized by the Department of Labor as "light work."

26-87

*6 (Jan. 1, 1983). However, just because Plaintiff cannot perform the maximum level of light work does not necessarily mean that she would be incapable of performing a job within the light work category. For instance, Plaintiff could perform work that requires more of a person than a sedentary job might, but less than the full range of light work. *See* 20 C.F.R. § 404.1567. The VE explained this concept when he noted that at the light level of work, at which a person might be expected to lift over 10 pounds, "one does not have to be standing or walking in order to be able to lift something."

Beyond this explanation, the VE also stated that any seeming conflicts between his testimony and the Dictionary of Occupational Titles were accounted for in his analysis, which was "based on [his] professional experience, education, review of professional literature, and development of job analyses and completion of occupational research." Furthermore, the VE accounted for Plaintiff's unique situation by reducing the number of certain jobs available to Plaintiff by 60% based on her standing and walking limitations. Considering the "inherent[] reliab[ility]" of VE testimony, *see Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017), and the fact that it is an "eminently appropriate use of [a] vocational expert's knowledge and experience" for an ALJ to rely on VE testimony that "particular jobs, whether classified as light or sedentary, may be ones that a particular claimant can perform," *Johnson v. Shalala*, 60 F.3d 1428, 1435–36 (9th

26-87

Cir. 1995), there existed in the record "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion" that Plaintiff could perform the jobs in question and was therefore not disabled, *see Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted).

**AFFIRMED.**